No. 31,583

Mary E. Miller, *Appellant,* v. M. W. Hartman et al., *Appellees.*

(36 P. 2d 965)

Opinion filed November 3, 1934.

*A. C. Malloy, Roy C. Davis, Warren H. White* and *Frank S. Hodge,* all of Hutchinson, for the appellant.

*C. M. Williams, D. C. Martindell, William D. P. Carey,* all of Hutchinson, *Allen B. Burch, J. B. Patterson* and *A. W. Geiger,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This was an action for damages for personal injuries sustained in an automobile collision alleged to have been caused by the negligence of defendants. The jury returned a general verdict for defendants. Plaintiff has appealed and makes numerous assignments of error.

The record discloses substantially the following facts: Adams street in Hutchinson is a north-and-south paved street and an arterial highway. It is intersected at right angles by Seventh street, an east-and-west paved street, with stop signs near the center as it enters its intersection with Adams street. The defendant M. W. Hartman operates a machine and pump business in which he uses a truck, the bed for which he made and placed on the running gears of a used automobile several years ago. His wife, the defendant Verne Hartman, for several years had driven the truck and otherwise helped in the business. She was driving this truck at the time of the collision in question. The truck had two-wheel brakes, in good order, and was in good running condition otherwise. Plaintiff was a stockholder and an officer of a corporation, with headquarters in Hutchinson. Her husband also was a stockholder, and they and a woman neighbor were going to attend a stockholders' meeting. The two women were seated in the back seat of the automobile. Plaintiff's husband, F. H. Miller, was driving. He drove west on Seventh

street and stopped at the stop sign at the entrance into the intersection of Seventh and Adams streets, then started forward across Adams street in low gear. When the front of his car was about the center of Adams street he shifted from low to intermediate gear. This caused the car to stop, or pause momentarily, then go forward. As he started across this intersection Mrs. Hartman, driving the truck above mentioned south on Adams street toward the intersection, at a speed of about 20 or 25 miles an hour, was at that time a half block or more north of the intersection. As she drove on toward the intersection she saw the Miller car had entered the intersection and slackened the speed of her truck to let it go on through. When the Miller car stopped or paused in the center of the intersection she was then almost to the intersection and thought the driver of the Miller car was stopping to let her go by. She speeded up a little. Just as she did so the Miller car went forward in intermediate. She swerved to the left to go behind the Miller car, but was not able to miss it. Her right front fender caught the right rear fender of the Miller car, pushed the back end of the car around, and it fell over on its side near the stop sign in the center of Seventh street. She stopped her truck a few feet past the intersection, went back to the Miller car and helped Mrs. Miller into a residence nearby. She suggested to Mrs. Miller that she get a doctor, but she declined, saying she was a Christian Scientist. Mrs. Hartman telephoned her husband, who came to the scene of the collision, reaching there within ten minutes after it occurred. Miller was still near his car. In reply to questions from Hartman he said he did not think he was hurt and that he would have got across the intersection if he had not stopped to shift gears. Mr. and Mrs. Miller both had seen the truck approaching the intersection from the north. Mrs. Miller did not mention the matter to him. Both thought they had time to cross. There is some conflict in the evidence as to speed and distances, which we need not elaborate upon. We have stated the evidence as the jury was entitled to and perhaps did believe it. An ordinance of the city provides a maximum speed for vehicles at street intersections of 15 miles per hour. Another ordinance of the city provides that the driver of a vehicle approaching or crossing an intersection shall give the right of way to a vehicle approaching from his right on the intersecting street, and he shall have the right of way over a vehicle approaching from his left on the intersecting street.

Appellant contends it was error to permit Hartman to testify to

what Miller said just after the accident. Miller had described how he had crossed the street, and said he had never had a conversation with anybody about it. Hartman's testimony was competent on the same point and in opposition to that of Miller. While a statement of something that had occurred, it was so near in point of time and so explanatory of the existing situation, or its cause, that it well may be said to be a part of it.

Complaint is made of leading questions. This was within the discretion of the court. There was nothing approaching abuse of such discretion.

Appellant complains of evidence on behalf of defendant as to plaintiff's ability to work since her injury. Plaintiff produced evidence of her lack of such ability. Certainly evidence tending to oppose that was proper. Appellant also complains of evidence produced by defendants respecting what was the reasonable and proper treatment of plaintiff's injuries. Plaintiff was bruised on the leg and elbow. These injuries cleared up. Her most severe injury was to her left shoulder. She declined to have that treated for several months. Defendants' evidence tended to show the injury would have been but a temporary one if promptly treated as such injuries usually are. We think this evidence proper. One cannot enhance his damages by failing to take reasonably appropriate action, readily available, to mitigate the damages.

Appellant complains of undue limitation in the cross-examination of Verne Hartman. The question to which objection was sustained was argumentative and in effect had been asked and answered previously. The ruling was within the discretion of the court, which discretion was not abused.

Appellant complains of instructions. We shall not take space to analyze these complaints in detail. We have examined them carefully and find nothing seriously wrong with the instructions given. The case was fairly tried. The evidence was conflicting as to whether the collision was caused by defendants' negligence. The effect of the jury's verdict is that it was not so caused. There is evidence to sustain that verdict, and there is nothing we can do about it.

The judgment of the trial court is affirmed.